### 10731

### ALFORD v. YONCE
#### (109 S. E. 110)

BAILMENT—SUBMISSION OF ISSUE AS TO WHETHER DEFENDANT AGREED TO SELL PLAINTIFF'S AUTOMOBILE HELD NOT WARRANTED BY PLEADINGS OR TESTIMONY.—In action against garage keeper for failure to repair and redeliver car in good condition, and for failure to try to sell it as agreed, allegations that it was agreed between plaintiff and defendant that defendant would try to sell plaintiff's automobile provided plaintiff would purchase another automobile from defendant, plaintiff's car to be sold for the value of the new car and repairs on the old, and testimony that defendant agreed to help plaintiff sell his automobile, *held* not to warrant submission of issue as to whether defendant contracted to sell plaintiff's automobile for enough to pay for the other automobile to be purchased.

Before MEMMINGER, J., Edgefield, October, 1920. Reversed and new trial ordered.

Action by J. G. Alford against W. P. Yonce. Judgment for plaintiff and defendant appeals.

*Mr. J. Wm. Thurmond,* for appellant, cites: *Statement of employee of defendant to plaintiff incompetent*: 53 S. C. 448. *Instruction inapplicable to facts of case is erroneous*: 66 S. C. 18. *Error to charge the jury through the argument of counsel*: 14 R. C. L. 773. *Must charge the law applicable to a reasonable view of the evidence*: 102 S. C. 463. *Court will not conjecture as to grounds on which jury based its verdict*: 53 S. C. 448.

*Messrs. S. McG. Simkins* and *S. M. Smith,* for respondent, cite: *Statement of employee admissible*: 100 S. C. 115; 98 S. C. 297; 92 S. C. 151; 2 C. J. 942, Sec. 705; 82 S. C. 465. *Testimony admitted without objection will not be corrected on appeal*: 98 S. C. 209; 107 S. C. 533. *Statement of contention of the parties is not a charge on the facts*: 62 S. C. 546; 88 S. C. 162; 72 S. C. 556. *No material variance between pleadings and proof*: Code Proc. 1912, Sec. 220; 72 S. C. 474. *No reversal unless substantial right has been affected*: 48 S. C. 596; Code Proc. Sec.

227.  *Buyer entitled to deduct cost of repairs seller was to have made*:  111 S. C. 481.  *Appellant must show prejudicial error*:  64 S. C. 104; 106 S. C. 84; 108 S. C. 397; 97 S. C. 335.  *Request to charge matter not germane to any view of evidence properly refused*:  91 S. C. 201; 83 S. C. 530; 110 S. C. 163.  *Upon failure to request charge on certain phases of case appellant cannot complain*:  95 S. C. 441; 91 S. C. 201; 97 S. C. 441.  *Measure of damages.*:  111 S. C. 481; 15 S. C. 93.

October 20, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

On the trial of this case in the Circuit Court, there was much confusion as to the issues raised by the pleadings.

The complaint alleged that in July, 1919, the plaintiff placed his Overland automobile car in the defendant's garage to be repaired; that it was then agreed and understood between the plaintiff and the defendant that, after the car was repaired, the defendant would try to sell the same for the plaintiff, provided the plaintiff would purchase from the defendant a Ford car; the purchase price at which the plaintiff's car was to be sold was the value of the said Ford car, $590, and the charges for the repairs $100, aggregating $690; that the plaintiff purchased said Ford car, but that the defendant not only failed to sell, but likewise to repair plaintiff's automobile; that the defendant's servants thereafter used plaintiff''s car on a trip to Augusta, and operated it in such a manner as to wreck it.

The plaintiff thus testified on cross-examination:

"It was agreed that he would help sell the car and get a Ford.  Did not tell Mr. Yonce I wanted to swap my car for a Ford, and then did not tell him I wanted him to sell it for me.  It was not binding on him that he sell it for me.  It was not binding on him that he sell it, only agreed he would try to help me sell it."

The record shows the following statement of Mr. Thurmond, defendant's attorney, after the charge and before the case was given to the jury:

"Your Honor's charge submitted to the jury the question of fact, whether Yonce contracted to sell the Overland car for Alford, for enough to pay for a Ford; if so, Alford was entitled to recover that amount. This was error, as neither the pleadings nor testimony raised such issue."

In replying to Mr. Thurmond's statement, the presiding Judge said:

"Mr. Thurmond, you have made your speech, and declined to correct his charge, as requested by Mr. Thurmond."

After the jury was out several hours, they returned and inquired of the presiding Judge who then had title to the automobile, and his Honor instructed the jury that Alford had the title; and after further consideration the jury returned the following verdict:

"We find for the plaintiff the sum of $272.76, less note, interest, and attorney's fees of $65.01 and account of $7.75 for tube and gas."

The main question raised by the exceptions is whether there was error on the part of his Honor the presiding Judge in submitting to the jury the question of fact, whether Yonce contracted to sell the Overland car for Alford, for enough to pay for a Ford, on the ground that neither the pleadings nor testimony raised such issue. The allegations of the complaint and the plaintiff's testimony show that there was error on the part of the Circuit Judge in submitting such issue to the jury.

New trial.